| | |
|---|---|
| 1 | CENTER FOR DISABILITY ACCESS |
| | Ray Ballister, Jr., Esq., SBN 111282 |
| 2 | Phyl Grace, Esq., SBN 171771 |
| | Russell Handy, Esq., SBN 195058 |
| 3 | Dennis Price, Esq., SBN 279082 |
| | <u>Mail</u>: PO Box 262490 |
| 4 | San Diego, CA 92196-2490 |
| | <u>Delivery</u>: 9845 Erma Road, Suite 300 |
| 5 | San Diego, CA 92131 |
| | (858) 375-7385; (888) 422-5191 fax |
| 6 | phylg@potterhandy.com |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Zarian**, | **Case No.** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Torres Home Appliances & More Inc.,** a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff James Zarian complains of Defendants Torres Home Appliances & More Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He suffers from muscular dystrophy, cannot walk and uses a wheelchair for mobility.

2. Defendant Torres Home Appliances & More Inc. owned the Torres Home Appliances located at or about 3372 West Harvard St., Santa Ana, California, in January 2017.

3. Defendant Torres Home Appliances & More Inc. owns the Torres Home Appliances ("Torres Appliances Repair") located at or about 3372 West Harvard St., Santa Ana, California, currently.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8. Plaintiff went to Torres Appliances Repair in January 2017 to get his

Complaint

washing machine and dryer repaired.

9. Torres Appliances Repair is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Torres Appliances Repair.

11. However, there were no parking spaces marked and reserved for persons with disabilities during any of plaintiff's visit.

12. Currently, there is not a single parking space marked and reserved for persons with disabilities.

13. Plaintiff personally encountered this barrier.

14. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

15. Paths of travel are one of the facilities, privileges and advantages offered by Defendants to patrons of Torres Appliances Repair.

16. Even though the plaintiff did not personally confront the barrier, the path of travel from the parking to the front entrance of Torres Appliances Repair required a person to navigate a 3 inch step for which there was no ramp.

17. Currently, the path of travel from the parking to the front entrance of Torres Appliances Repair requires a person to navigate a 3 inch step for which there is no ramp.

18. Plaintiff would like to return and patronize Torres Appliances Repair but will be deterred from visiting until the defendants cure the violations.

19. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

20. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact,

Complaint

these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

21. For example, there are numerous paint/stripe companies that will come and stripe a parking stall and access aisle and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in fully compliance with federal and state access standards.

22. Plaintiff is and has been deterred from returning and patronizing Torres Appliances Repair because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Torres Appliances Repair as a customer once the barriers are removed.

23. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

24. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

with disabilities. 42 U.S.C. § 12183(a)(2).

27. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of handicap parking spaces is dependent on the total number of parking spaces available. *Id.* According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

28. Here, the failure to provide accessible parking spaces is a violation of the ADA.

29. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

30. Here, the unramped step is a violation of the ADA.

31. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

32. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

33. Given its location and options, plaintiff will continue to desire to patronize Torres Appliances Repair but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore,

seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

35. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

36. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: March 2, 2017      CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorneys for plaintiff

Complaint